**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **JOHNNY LEE JIMERSON, #1314344,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:05-CV-1069-D** |
| | ) | |
| **POLICE CHIEF OF DESOTO, TEXAS,** | ) | |
| **et al.,** | ) | |
| **Defendants.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is an action brought pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is an inmate presently confined at the Hutchins State Jail of the Texas Department of Criminal Justice – Correctional Institution Division in Dallas, Texas. Defendants are the Chief of Police of Desoto, Texas, and Police Officers M. H. Stone, P. Pothen, and M. Lauan. The Court did not issue process in this case and on July 28, 2005, it issued a questionnaire. Jimerson filed his answers on August 18, 2005. Thereafter, the Court issued a supplemental questionnaire on October 11, 2005. As of the date of this recommendation, Plaintiff has not filed his answers to the supplemental questionnaire.

Statement of the Case:  The complaint in this action as well as that filed in cause number 3:05cv1070-P, which was transferred to this action on June 7, 2005, are not  models of clarity. They seek monetary compensation for racial profiling, malicious prosecution and false imprisonment as a result of a stop, search and arrest on March 23, 2005.

In answer to the original questionnaire, Plaintiff disclosed for the first time that personal property was seized from his vehicle and not returned to him.  (Answer to Questions 4 and 12). He also related that he was convicted on six charges, for which he was sentenced to seven and one-half month state jail terms in July 2005.  (Answer to Questions 1 and 2).  He conceded that at least one of those charges stemmed from his March 23, 2005 arrest.  (Answer to Question 13). With respect to racial profiling, Plaintiff alleged in a conclusory fashion that the police officers made racial slurs after stopping his vehicle.  (Answer to Question 4).

Findings and Conclusions:  Even liberally construing Plaintiff's *pro se* complaints and his answers to the original questionnaire, it is clear that his pleadings are insufficient to allege a federal claim and satisfy the requirements set out in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).[1]

---

[1]      To the extent Plaintiff seeks redress for the intentional deprivation of his property by a state officer that is "random and unauthorized," the United States Supreme Court has held that such deprivation does not constitute a civil rights violation as long as the state provides a meaningful post-deprivation remedy.  Parratt v. Taylor, 451 U.S. 527, 541-44 (1981) (*overruled in part not relevant here,* Daniels v. Williams, 474 U.S. 327 (1986)); Hudson v. Palmer, 468 U.S. 517, 533 (1984); accord Nickens v. Melton, 38 F.3d 183, 184-85 (5th Cir. 1994); Murphy v. Collins, 26 F.3d 541, 543-44 (5th Cir.1994); Holloway v. Walker, 790 F.2d 1170, 1174 (5th Cir. 1986) (finding no breach of federally guaranteed constitutional rights, even where a high level state employee intentionally engages in tortious conduct, as long as the state system as a whole provides due process of law).  Because Texas has adequate postdeprivation remedies for the confiscation of personal property, Plaintiff does not have a cognizable claim under 42 U.S.C. § 1983.  See Murphy, 26 F.3d at 543-44; Thompson v. Steele, 709 F .2d 381, 383 (5th Cir.1983).

Nevertheless, the Curt issued a supplemental questionnaire to give Jimerson an opportunity to allege that the causes of action set out in his complaints, as amplified by his answers to the initial questionnaire, had accrued and were cognizable under § 1983.  The Fifth Circuit Court of Appeals has approved the use of questionnaires as a proper method to develop the factual basis of a *pro se* complaint.  See Eason v. Thaler, 14 F.3d 8 (5th Cir. 1994) (requiring further development of insufficient factual allegations before dismissal under § 1915 is proper); Watson v. Ault, 525 F.2d 886, 892-93 (5th Cir. 1976) (affirming use of questionnaire as useful and proper means for court to develop factual basis of *pro se* plaintiff's complaint).

Plaintiff has failed to respond to the supplemental questionnaire filed on October 11, 2005.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.  Larson v. Scott, 157 F.3d 1030, 1031 (5th Cir. 1998).  "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases."  Boudwin v. Graystone Ins. Co., Ltd., 756 F.2d 399, 401 (5th Cir. 1985) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Because Plaintiff has been given ample opportunity to submit his answers to the supplemental magistrate judge's questionnaire, but has failed or refused to do so, this action should be dismissed for want of prosecution.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice for want of prosecution pursuant to Rule 41(b), Federal Rules of Civil Procedure.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 6th day of December, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.